GERMAN INSURANCE COMPANY

V.

WILHELMINA GUECK ET AL.

*Fire Insurance—Bill to Correct Policy and Enforce Payment—Evidence —Mistake.*

Upon a bill to correct a policy of fire insurance, and enforce its collection, this court declines to interfere with a decree granting relief, as the evidence clearly shows a mistake.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Calhoun County; the Hon. GEORGE H. HERDMAN, Judge, presiding.

Mr. F. M. GREATHOUSE, for appellant.

Messrs. WILDERMAN & HAMILL, for appellees.

The party alleging a mistake must show exactly in what it consists, and the correction that should be made; and the evidence must be such as to leave no reasonable doubt upon the mind of the court as to either of these points, or the relief must be refused. The mistake should be proved as much to the satisfaction of the court as if it were admitted. Hearn v. Marine Ins. Co., 20 Wall. 488; Sutherland v. Sutherland, 69 Ill. 488; Emory v. Mohler, 69 Ill. 221; Mead v. Westchester F. Ins. Co., 64 N. Y. 456; Ford v. Joyce, 78 N. Y. 618; May on Insurance, Sec. 566, and note; Kerr on Fraud and Mistake, pp. 409, 421, 422; 1 Story's Eq. Jur., Secs. 152, 157.

It must be alleged and proved that the mistake is mutual,

that is, the mistake of both parties; that both parties have done what neither intended. A mistake on one side may be ground for rescinding, but not for reforming, a contract; where the minds of the parties have not met, there is no contract to be rectified. Hearn v. Marine Ins. Co., 20 Wall. 488; Bishop v. Clay Ins. Co., 49 Conn. 167; Emory v. Mohler, 69 Ill. 221; Sutherland v. Sutherland, 69 Ill. 488; Wilson v. Byers, 77 Ill. 80; Mead v. Westchester Fire Ins. Co., 64 N. Y. 456; May on Insurance, Sec. 566, and note; Kerr on Fraud and Mistake, pp. 409, 421, 422; Pomeroy on Contracts, Sec. 251.

Where parties neglect to acquaint themselves with the terms of the instruments, although they have them in their possession for years, or where, having full and particular knowledge of the facts, they do not acquaint the other party of their existence, but lead such other party to infer the existence of a state of facts differing from the true state, relief can not be granted to the party so negligent, where such party does not show fraud or overreaching. Graves v. Boston Marine Ins. Co., 2 Cranch, 419; Bishop v. Clay Ins. Co., 49 Conn. 167; Kinnerty v. Etiwan Phosphate Co., 70 Am. R. 669; McDaniels v. Bank of Rutland, 29 Vt. 230 (70 Am. Dec. 406); Robertson v. Smith, 11 Texas, 211 (60 Am. Dec. 234); Belt v. Mehlen, 2 Cal. 159.

There being no fraud or overreaching shown, and the complainants having received and retained the different policies without objection for about fourteen years, and the first two being in their native language, this is really conclusive as to the original understanding of the parties, notwithstanding they may not have read the policies. Fuller v. Madison Mut. Ins. Co., 36 Wis. 599; Bishop v. Clay Ins. Co., 49 Conn. 167.

Here the condition of the title of the property and the names of the real persons who desired the insurance was a matter peculiarly within the knowledge of the complainants and of Fred Gueck, and it was their duty to impart this information to the agent of the company, and if Fred Gueck was their agent, to make that fact known. And they had no right to assume from the loose talk which occurred when Fischer was assessing some months prior to the time Fred Gueck

applied for the insurance, that Fischer knew all about the title and that Gueck was acting as agent.  Graves v. Boston Marine Ins. Co., 2 Cranch, 419; Wheeler v. McCormick, 36 Ill. 114; Kauffman v. Robey, 60 Tex. 308; 8 Wait's Actions and Defenses, 58.

CONGER, J.   This was a bill in chancery for the purpose of correcting a policy of insurance and enforcing its collection.

The facts necessary to an understanding of the case, are substantially as follows: In 1869, one Christian Fiedler died, leaving him surviving his widow, appellee, Wilhelmina Gueck, and the other appellees, his children and heirs at law. He owned, at the time of his death, the N. E. Qr. Sec. 20, Town 11 South, Range 2 West, in Calhoun county.   After his death, his widow was appointed administratrix, obtained permission from the County Court and built on said premises a house costing about $2,200, for which she paid out of the money and proceeds of personal property belonging to the estate, and that said estate owed to said widow $647.41.

That in January, 1871, the said widow was married to Frederick Gueck, and the house was built in the fall of 1872, by Morris Fisher, who was a carpenter and builder, and also the agent of the appellant insurance company.

That while Fisher was building the house, he asked Mrs. Gueck to insure the house ; she referred him to her husband, and after the three had talked the matter over, Gueck agreed to come over to Hardin, where Fisher lived, and let him know the conclusion reached.

On October 14, 1872, Gueck went to Fisher, and told him his wife had concluded to insure the house for $1,400 in his company; Fisher said he had no time just then to make out the application; asked Gueck if he knew the numbers of the land, and was told that he did not, and replied that he would examine the books at the recorder's office and make out the application " all right."   Fisher did make out the application, but it was not read to Gueck or any of the parties interested, and a policy was executed and delivered to run five years, and the premium was paid, and at the expiration of five years another policy was issued by the same company in renewal of the first.

In October, 1882, a third policy was issued by the same company, in the same amount, for five years, and in October, 1886, while said policy was in full force, the house burned down and was a total loss.

In November, 1886, the adjuster of the company came to adjust the loss, but upon learning by the records that the title to the land was in the estate of Christian Fiedler, the policy being in the name of Frederick Gueck, he refused to adjust the loss, or pay it.

Fisher had been the agent of the company for over twenty years, and had been assessor and treasurer of Calhoun county, and the books of that office had always carried this land as belonging to the estate of Christian Fiedler.

The first application contains no questions nor answer as to title; the second is a renewal of the first, and nothing is said as to property or interest; while in the third, the land is incorrectly described as being in Sec. 5, instead of Sec. 20, and the following questions appear: "5. Title. Have you fee simple title? Good. If not, what kind of title have you?" to which there is no answer.

Mr. Gueck states that he was acting as agent for his wife and her children in procuring the insurance, and left the matter entirely with Fisher; that Fisher knew about the title, as he supposed, and having built the house, knew its value and surroundings. Fisher took upon himself the burden of answering such questions as he deemed important, and Gueck asked no questions, nor answered any, but with the most implicit trust that Fisher would make it "all right," as he said he would, signed such applications as Fisher made out and presented to him.

Fisher says he knew there was no intention on the part of Gueck or any of the parties to defraud the company by taking the insurance in his name, but that a mistake had been made in the application and policies, and they were made out in the wrong name.

We think the evidence clearly shows that a mistake was made which should be corrected, and that the decree of the Circuit Court is right and should be affirmed.

*Decree affirmed.*